UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERTA R. CANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06CV1374 FRB |
| ) | |
| HENRY M. PAULSON, JR., Secretary ) | |
| of the United States Department ) | |
| of the Treasury, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendant's Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction (filed May 14, 2007/Docket No. 8). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Roberta R. Cano brings this action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-5, et seq., alleging that her employer, the United States Department of the Treasury, unlawfully discriminated against her in her employment on account of her race by failing to promote her and by subjecting her to harassment and retaliation for engaging in protected activity which ultimately resulted in her constructive discharge. Defendant now moves for partial dismissal of plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Plaintiff has responded to

the motion.

In his motion, defendant contends that this Court lacks subject matter jurisdiction over those claims raised by plaintiff in the instant Complaint which were not properly exhausted through the administrative process. Defendant seeks to dismiss such claims under Fed. R. Civ. P. 12(b)(1). For the following reasons, defendant's argument fails.

Since the Supreme Court's decision in <u>Zipes v. TWA, Inc.</u>, 455 U.S. 385 (1982), it has been well established that the failure of a plaintiff to exhaust administrative remedies on claims of employment discrimination does not deprive the federal court of subject matter jurisdiction over the claims. <u>Zipes</u>, 455 U.S. at 393; <u>Coons v. Mineta</u>, 410 F.3d 1036, 1040 (8th Cir. 2005); <u>Ballard v. Rubin</u>, 284 F.3d 957, 964 n.6 (8th Cir. 2002). While administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer, <u>Ballard</u>, 284 F.3d at 964 n.6, such exhaustion "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." <u>Zipes</u>, 455 U.S. at 393. "Under <u>Zipes</u> a federal employment lawsuit may be subject to dismissal if the administrative deadline is not met, *but it is not because jurisdiction is lacking.*" <u>Coons</u>, 410 F.3d at 1040 (emphasis added). It would therefore be improper for this Court

to dismiss plaintiff's claims of employment discrimination for lack of jurisdiction on the basis that the plaintiff failed to exhaust administrative remedies. Id.

Here, defendant argues only that subject matter jurisdiction is lacking over certain claims due to plaintiff's failure to properly exhaust administrative remedies. Because this argument is flawed, defendant's Partial Motion to Dismiss on this basis should be denied. Further, a motion brought pursuant to Rule 12(b)(1) may not be converted to one for summary judgment given the differing legal standards the Court must apply to each and the differing burdens of the parties. See Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990); see also Spirit Lake Tribe v. North Dakota, 262 F.3d 732, 744 (8th Cir. 2001) (plaintiff entitled to every reasonable inference under summary judgment standard). Accordingly, to the extent defendant argues as an affirmative defense that plaintiff's claims are barred due to her failure to properly exhaust her administrative remedies, the undersigned determines such argument to be more properly raised by way of a motion for summary judgment so that each party is provided the opportunity to properly address and brief the nature of the issues raised using the appropriate summary judgment standard.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's Partial Motion to

Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 8) is denied.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _13th_  day of June, 2007.